**SO ORDERED.**

**SIGNED this 04 day of January, 2008.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

SAK DEVELOPMENT, INC.

    Debtor.                                          CASE NO. 07-02215-8-JRL

_____

**ORDER**

Calendared for hearing on Monday, January 7, 2008 in New Bern, North Carolina is the motion of American Constructors of North Carolina, Inc. (American Constructors), a creditor of the debtor, to surcharge its expenses against the interests in the debtor's property of its secured creditor, Paragon Commercial Bank (Paragon), pursuant to Section 506(c) of the Bankruptcy Code. The motion is opposed on the merits by the Bankruptcy Administrator, Paragon, and several of American Constructors' first-tier subcontractors who hold liens on the debtor's property.

Although not raised by any party in interest, it is apparent to the court that this motion is likely procedurally flawed and cannot be allowed in its current posture, as it runs afoul of the Supreme Court's ruling in <u>Hartford Underwriters Insurance Company v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 120 S. Ct. 1942 (2000). The holding of that case, although much criticized, is plain. Only the trustee (and by implication, the debtor-in-possession under Section 1107) has

standing to seek payment of administrative claims under Section 506(c).  Hartford Underwriters, 530 U.S. at 14.  Specifically, the Supreme Court held "that 11 U.S.C. 506(c) does not provide an administrative claimant an independent right to use the section to seek payment of its claim." Id.  Hartford Underwriters ratified what had long been the law in this circuit.  In re JKJ Chevrolet, Inc., 26 F.3d 481(4th Cir. 1994).  There is no indication in the record before the court that the debtor-in-possession here has joined in or ratified the motion, or assigned its rights under Section 506 to American Constructors.[1]  Further, it is not clear that doing so would cure the defect.  See In Re Baltimore Emergency Services II, Corp., 432 F.3d 557, 560 (4th Cir. 2005) (noting that "[w]e have never decided whether creditor derivative suits are permitted in the bankruptcy courts of this circuit").

The court recognizes that the issues framed by the motion are important to the resolution of both the debtor's and American Constructor's bankruptcy cases.  Nonetheless, standing is a quasi-jurisdictional requirement that arguably cannot be waived, and the court is unwilling to decide these matters on a record that can later be collaterally attacked.

Accordingly, it is hereby ordered:

1. The hearing set for Monday, January 4 is vacated;

2. The movant and any other party in interest have ten days from the date of this order in which to show cause why this motion should not be dismissed under the rule of Hartford Underwriters.

**"END OF DOCUMENT"**

---

[1] The debtor's Motion to Establish Procedures for Payments to American Constructors of NC, Inc. reflects only the debtor's knowledge that American Constructors intended to file this motion.

2