**SO ORDERED.**

**SIGNED this 22 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**SAK DEVELOPMENT, INC.,**

    Debtor.                                                                              **CASE NO. 07-02215-8-JRL**

_____

## ORDER

On December 7, 2007, American Constructors of North Carolina, Inc. (American Constructors), a creditor of the debtor, filed a motion with the court to surcharge its expenses against the interests in the debtor's property of its secured creditor, Paragon Commercial Bank (Paragon), pursuant to Section 506(c) of the Bankruptcy Code.  On January 4, 2008, the court entered an order giving American Constructors and all other parties in interest ten days with which to show cause why American Constructors' motion should not be dismissed for lack of standing pursuant to the Supreme Court's ruling in Hartford Underwriters Insurance Company v. Union Planters Bank, N.A., 530 U.S. 1, 120 S. Ct. 1942 (2000).  On January 14, 2008, American Constructors filed a brief in response to the court's order.

In Hartford Underwriters, the United States Supreme Court held that only the trustee (and by implication, the debtor-in-possession under Section 1107) has standing to seek payment of

administrative claims under Section 506(c).  530 U.S. at 14.  Specifically, the Supreme Court held "that 11 U.S.C. 506(c) does not provide an administrative claimant an independent right to use the section to seek payment of its claim."  Id.  Hartford Underwriters ratified what had long been the law in the Fourth Circuit.  In re JKJ Chevrolet, Inc., 26 F.3d 481(4th Cir. 1994).

In its brief in support of its 506(c) motion, American Constructors does not contend that it has the permission of the debtor-in-possession to bring this suit.  Further, there is no indication in the record before the court that the debtor-in-possession here has joined in or ratified the motion, or assigned its rights under Section 506 to American Constructors.  Rather, American Constructors contends that the court has the authority to allow it to file a creditor derivative action, despite the Supreme Court's ruling in Hartford Underwriters and the Fourth Circuit's decision in JKJ Chevrolet.  Specifically, American Constructors asserts that both the Supreme Court and the Fourth Circuit have contemplated the permissibility of creditor derivative suits under some circumstances, and that the court here should allow American Constructors to bring the derivative suit to prevent a secured creditor, Paragon, from obtaining what American Constructors calls "an inequitable windfall."

The court does not find this argument persuasive.  In In re Baltimore Emergency Services II, Corp., 432 F.3d 557, 560 (4th Cir. 2005), the Fourth Circuit clearly expressed its hostility towards creditor derivative suits.  Although the Court noted that "[w]e have never decided whether creditor derivative suits are permitted in the bankruptcy courts of this circuit," the Fourth Circuit  made clear that bankruptcy courts may only approve creditor derivative suits if, at a minimum, the two part test articulated in In re Commodore Int'l, Ltd., 262 F.3d 96 (2d Cir. 2001) is satisfied.  In Commodore, the Second Circuit Court of Appeals stated that for a secured

creditor to acquire standing to pursue a debtor-in-possession's claims, the following must be met: (1) the creditor must have the consent of the debtor-in-possession, and (2) the court must find that the creditor's suit is in the best interest of the bankruptcy estate and is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. 262 F.3d at 100.

The Baltimore Emergency Services case further makes clear that *prior* consent of the debtor-in-possession is required for the bankruptcy court to allow a creditor to bring a derivative action. For example, in Baltimore Emergency Services, the secured creditor attempted to establish its standing to bring a derivative suit on appeal by filing an affidavit, several months after the case was appealed to the district court, which purported to give the creditor permission from the debtor-in-possession to bring the derivative suit. 432 F.3d at 562-63. The Fourth Circuit found that this attempt was insufficient to establish standing, rejecting the finding of the district court that a debtor-in-possession's approval after the fact may be sufficient to confer standing. Specifically, the Court stated that "[i]f such suits are to be allowed at all, the consent must occur before, not after, the action is filed. Id. at 563.

Based on the foregoing the court allows the debtor-in-possession ten days to unequivocally state its consent to allow American Constructors to bring the 506(c) action. If such consent is given, the court will provide American Constructors an additional opportunity to meet the second step of the Commodore test. If the debtor-in-possession does not unequivocally give American Constructors consent to bring the action, the motion will be dismissed for lack of standing.

**"END OF DOCUMENT"**