**SO ORDERED.**

**SIGNED this 12 day of February, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

**IN RE:**

**SAK DEVELOPMENT, INC.,**

  **DEBTOR.**         **CASE NO. 07-02215-8-JRL**

_____

## ORDER

This case is before the court on an application for approval of compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 503(b) and 506(c) filed by the debtor's counsel, Stubbs & Perdue, P.A. The court conducted a hearing on this matter in New Bern, North Carolina on February 5, 2008.

The debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on June 18, 2007. The debtor sought and received the court's permission to employ Stubbs & Perdue on August 28, 2007. Stubbs & Perdue filed a report and application for approval of compensation and reimbursement of expenses on September 21, 2007, for work performed on behalf of the debtor in this chapter 11 proceeding, including negotiating with the debtor's secured creditors, preparing a motion for distribution and to establish sales procedures, preparing for the sale of units at Tara Phase I and Tara Phase II, negotiating with creditors regarding appropriate sales procedures and liquidation

methods, and preparing an amended plan of reorganization. Stubbs & Perdue seeks compensation and reimbursement in the following amounts: $6,1787.48 (compensation of $5,796.50 and reimbursement of $390.98) pursuant to § 503(b); $16,075.21 (compensation of $15,730.00 and reimbursement of $345.21) pursuant to § 506(c) for work related to Tara Phase II generally; $411.59 (compensation of $407.00 and reimbursement of $4.59) pursuant to § 506(c) for work related to Tara Phase I, Building 9; $1,299.24 (compensation of $1,275.00 and reimbursement of $24.24) pursuant to § 506(c) for work related to Tara Phase II, Unit 104; $398 in compensation pursuant to § 506(c) for work related to Brighton Place; and $15.00 in compensation pursuant to § 506(c) for work related to Ashley Place. Paragon is the only objecting creditor, and its objection is limited to the portion of Stubbs & Perdue's fee application requesting $16,075.21 in compensation and reimbursement under § 506(c) for work related to the preservation and preparation for sale of Tara Phase II.

Ordinarily, costs and expenses associated with the preservation or disposition of estate property are paid from the unencumbered assets of the bankruptcy estate rather than from a secured creditor. In re JKJ Chevrolet, Inc., 26 F.3d 481, 483 (4th Cir. 1994). However, an exception under § 506(c) permits a trustee (or a debtor in possession) to "recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). "The purpose of this provision is to prevent a windfall to a secured creditor at the expense of the estate." In re JKJ Chevrolet, Inc., 26 F.3d at 483.

"[T]he party seeking the surcharge must prove that its expenses were reasonable, necessary and provided a quantifiable benefit to the secured creditor." In re Debbie Reynolds Hotel & Casino,

Inc., 255 F.3d 1061, 1068 (9th Cir. 2001). Paragon asserts that the fees sought in Stubbs & Perdue's application were unnecessary for at least two reasons: (1) numerous time entries related to work associated with Tara II show multiple attorneys working on the same matter; and (2) the debtor clearly lacked equity in the property during the time period in which the expenses were incurred. Paragon also argues that, as the secured creditor, it did not receive a benefit from many of the expenses. Paragon specifically points to time entries for work related to preparation of the fee application, the motion to distribute sale proceeds to American Constructors of North Carolina, Inc. ("American"), general preparation of the plan, and the lien priority dispute between Paragon and American.

The court has reviewed the time entries attached to Stubbs & Perdue's fee application, and the court finds that Stubbs & Perdue has not met its burden of proving that certain fees related to Tara Phase II were reasonable, necessary, and provided a quantifiable benefit to the secured creditor. See id. The court disallows the following fees under § 506(c) for work related to Tara Phase II:

Tara Phase II

| Date | Task Performed | Fee Sought |
|---|---|---|
| 9/18/07 | Review and revise fee application; review work in progress | $60.00 |
| 9/19/07 | Review and revise work in progress | $75.00 |
| 10/24/07 | Review issues re: Amended Plan | $18.50 |
| 11/01/07 | Review and revisions to amended plan of reorganization | $92.50 |
| 11/12/07 | Review of and revisions to amended chapter 11 Plan | $55.50 |
| 11/27/07 | Review and revise work in progress | $45.00 |
| 11/27/07 | Review work in progress | $92.50 |
| 11/28/07 | Review and revisions to work in progress | $60.00 |
| 11/28/07 | Preparation of fee application and order | $22.50 |
| | Total fees disallowed under § 506(c) for Tara Phase II | $521.50 |

The court further finds that fees sought for work related to Tara Phase II, Unit 104 are not compensable under § 506(c) because this work did not benefit Paragon. That particular unit sold

in July 2007 for $158,288.00, and Stubbs & Perdue has already been authorized the sum of $6,208.75 in § 506(c) expenses associated with the sale. At the November 13, 2007 hearing on this matter, Paragon indicated to the court that it had released its lien in exchange for 80% of the proceeds from that sale. Stubbs & Perdue's present fee application seeks compensation for time associated with the motion for distribution. The motion for distribution, however, relates solely to the distribution of the remaining 20% of the proceeds to other claimants. In no way does this work provide a quantifiable benefit to Paragon. Thus, the court will not award compensation under § 506(c) for this work.

The court allows Stubbs & Perdue's entire second fee application pursuant to § 503(b) for the period beginning September 17, 2007 to November 28, 2007. Of the total amount sought, the following are compensable under § 506(c): $15,553.71 for work related to Tara Phase II generally, to be paid from the proceeds from the liquidation of the Tara Phase II property; $411.59 for work related to Tara Phase I, Building 9, to be paid from the proceeds from the liquidation of the Tara Phase I, Building 9 property; $398 for work related to Brighton Place, to be paid from the proceeds from the liquidation of the Brighton Place property; and $15.00 for work related to Ashley Place, to be paid from the proceeds from the liquidation of the Ashley Place property.

"**END OF DOCUMENT**"